UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD M. SCOTT, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:11-CV-1274 (CEJ) |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Ronald Scott for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri, pursuant to the judgment of the Circuit Court of Mississippi County. Respondent has filed a response in opposition, and the issues are fully briefed.

I.      Background

Petitioner was charged with murder first degree and armed criminal action. On June 24, 1997, in the Circuit Court of Mississippi County, Missouri, after the completion of voir dire but prior to the swearing of the jury, petitioner entered an Alford plea to the reduced charge of second-degree murder.[1] The State agreed to dismiss the charge of armed criminal action. Ex. II [Doc. #1-2; pp. 42-60]. Petitioner was sentenced to life imprisonment with the recommendation that he be evaluated for probation during the first 120 days of his incarceration. See Mo. Rev. Stat. § 559.115; Id.

On July 2, 1997, the Missouri Department of Corrections (DOC) notified the sentencing court that petitioner was statutorily ineligible for probation due to his

---

[1]North Carolina v. Alford, 400 U.S. 25 (1970)

second degree murder conviction.  See Mo. Rev. Stat. § 559.115;  Ex. 3 [Doc. #1-2; p. 6]. On July 11, 1997, the court amended the sentence: instead of the 120-day probation evaluation, the court ordered participation in a post-conviction drug treatment program under Mo. Rev. Stat. § 217.785, with the possibility of parole after completing the program.  Ex. 5 [Doc. #1-2; p. 7].  The DOC informed the court that petitioner was ineligible for the § 217.785 program as well.  Ex. 6 [Doc. #1-2; p. 8]. On July 28, 1997, the court amended petitioner's sentence for a second time.  Ex. 7 [Doc. #1-2; p. 9-10].  Petitioner received a suspended life sentence, and was released on probation on September 19, 1997.  Id. at 11.

On June 11, 1998, petitioner's probation was revoked, and the court again attempted to place petitioner in an institutional treatment center under Mo. Rev. Stat. § 559.115.  Id. at 12.  The DOC again informed the court that petitioner remained ineligible for that program due to his murder conviction.  Ex. 8. [Doc. #1-2, p. 13]. On August 20, 1998, petitioner was once more released to supervised probation.  His probation was revoked and his sentence of life imprisonment was executed on January 19, 1999.

Since that date, petitioner alleges that he has pursued multiple state post-conviction remedies.  He filed a state petition for habeas relief on March 5, 1999, which was denied on March 16, 1999.  Ex. J. [Doc. #1-2; p. 14].  On April 2, 1999, he moved for post-conviction relief under Missouri Supreme Court Rule 24.035, and on February 15, 2002, an evidentiary hearing was conducted.  Ex. N [Doc. # 1-2, pp. 23 - 27].  On May 30, 2002, the motion was denied as untimely and without legal merit.  Id.  Later,

-2-

petitioner filed state habeas petitions at the circuit, appellate, and state supreme court levels; these petitions were all denied.[2]

Petitioner filed the instant § 2254 petition on July 14, 2011, asserting five grounds for relief: (1) that the trial court and the state breached the plea agreement upon which petitioner relied when entering his guilty plea; (2) that the trial court violated the Due Process and Equal Protection Clauses by sentencing petitioner to life with the possibility of the 120-day callback program when he was statutorily excluded from that program; (3) that the trial court violated the Due Process and Equal Protection Clauses by denying his Rule 24.035 motion as untimely; (4) that he was denied effective assistance of post-conviction counsel when counsel failed to appeal the denial of the Rule 24.035 motion; and (5) that his plea was not entered knowingly and voluntarily because trial counsel was ineffective in his advice to plead guilty to an unauthorized sentence.

II.     Discussion

Respondent argues that petitioner's claims are procedurally defaulted, and barred by the statute of limitations.  In the interest of judicial economy, the Court will bypass these issues and deny petitioner relief on the merits of his claims.  See Trussell v. Bowersox, 447 F.3d 588, 590-91 (8th Cir. 2006) (noting that a federal habeas court may bypass limitations and procedural default analyses and proceed to the merits of the petition).

A.     Grounds One, Two, and Five

---

[2] Petitioner filed a petition in the circuit court on December 3, 2007, which was denied on June 30, 2008; a petition in the Missouri Court of Appeals on March 29, 2010, which was denied on April 1, 2010; and a petition on July 14, 2010 in the Missouri Supreme Court, which was denied on August 31, 2010.  See Pet'r Ex. C [Doc. #1-2, p. 28]; Pet'r Ex. 15 [Doc. #1-2, p. 29]; Pet'r Ex. Q [Doc. #1-2, p. 30] (orders summarily denying petitioner relief).

Petitioner's first, second, and fifth grounds arise from the trial court's error in sending petitioner to the 120-day callback program for which he was ineligible.

First, petitioner argues that the opportunity to participate in the program was a term of his plea bargain, and his inability to participate constituted a breach of the plea agreement by the trial court and the state. "It is well-established that a breach of a plea agreement violates a defendant's due process rights." Trussell v. Bowersox, 447 F.3d 588, 591 (8th Cir. 2006). However, petitioner's plea agreement did not contain a promise regarding sentencing or probation. The state post-conviction court found that petitioner had no agreement as to his sentence, and the transcript of the plea colloquy likewise convinces this Court that petitioner entered into an open plea. Pet'r Ex. N [Doc. #1-2; p. 26]; Pet'r Ex. II [Doc. #1-2, pp. 43; 51]. Because the plea agreement did not include a promise regarding the opportunity for probation under §559.115, the sentencing court's mistake and subsequent removal of this opportunity did not breach the plea agreement. See Trussell, 447 F.3d at 591 (8th Cir. 2006) (affirming the denial of a habeas petition, because "[w]hile the sentencing court was mistaken in sentencing [petitioner] pursuant to § 559.115 without verifying his eligibility under the statute, the subsequent removal of this opportunity for a probation release callback did not breach his plea agreement" as his plea agreement contained no promise as to probation).

Second, petitioner argues that the trial court violated his rights of due process and equal protection by imposing a sentence that included a program from which he was statutorily excluded. Petitioner explains that he should be allowed to withdraw his guilty plea because he entered into a plea bargain for a sentence not authorized under Missouri law, and "[t]here can be no plea bargain to an illegal sentence." United States

v. Greatwalker, 285 F.3d 727, 729 (8th Cir. 2002).  Again, petitioner entered an open plea, and there was no term in the plea agreement about sentencing, probation, or treatment programs.  Therefore, petitioner's ultimate ineligibility for the 120-day program does not undermine his plea.

For his fifth ground, petitioner argues that his guilty plea was not knowing and voluntary because trial counsel misled him into entering a plea for an "illegal/unauthorized" sentence.  The post-conviction court concluded that petitioner "was not misled or induced to plead guilty by fraud or mistake, by misrepresentation, fear, persuasion or the holding out of hopes which prove to be false or ill-founded.  *He had no agreement as to sentence.*"  Pet'r Ex. II [Doc. #1-2; p. 26] (emphasis added).  This Court agrees.  The transcript of the plea colloquy demonstrates that petitioner knowingly and voluntarily entered into an open plea.  Id. at 51.

Accordingly, relief on these grounds will be denied.

B.    Ground Three

Petitioner contends that the trial court violated the Due Process and Equal Protection Clauses by denying his Rule 24.035 motion as untimely.   "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."  Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (quoting Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994)); see also Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding.").  Therefore, petitioner's claim is not cognizable.

C.    Ground Four

Petitioner argues that he was denied effective assistance of counsel when his post-conviction counsel "abandoned" him and failed to appeal the denial of the Rule 24.035 motion. Ineffective assistance or "abandonment" of post-conviction counsel does not give rise to a free-standing constitutional claim, because there is no right to counsel in collateral-review proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Coleman v. Thompson, 501 U.S. 722, 752 (1991). Relief on this ground will be denied.

### III. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A judgment denying the petition will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2013.